[Civ. No. 38183. Second Dist., Div. Three. Oct. 27, 1971.]

TIBOR IVAN TOCZAUER, Plaintiff and Appellant, v.
STATE BOARD OF REGISTRATION FOR PROFESSIONAL
ENGINEERS, Defendant and Respondent.

**COUNSEL**

Tibor Ivan Toczauer, in pro. per., for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, and Henry G. Ullerich, Deputy Attorney General, for Defendant and Respondent.

## OPINION

**COBEY, Acting P. J.**—Tibor Ivan Toczauer appeals from a judgment denying him a writ of mandate, pursuant to Code of Civil Procedure section 1094.5, that would have set aside the order of the State Board of Registration for Professional Engineers refusing him registration as an industrial engineer under Business and Professions Code section 6767.5, the grandfather provision.

Appellant's principal contentions[1] are that the trial court erred in not applying its independent judgment and that, in any event, the findings of the board are not supported by substantial evidence.

Under *Bixby* v. *Pierno,* 4 Cal.3d 130, 144 [93 Cal.Rptr. 234, 481 P.2d 242], the independent judgment type of judicial review is required only when the administrative decision affects substantially a fundamental right vested in an individual. The threshold issue in this case is whether appellant by reason of his prior engineering experience possessed such a *vested* right.[2] In this connection appellant claims that since he was a registered electrical engineer[3] and a practicing utilities engineer prior to his application for registration as an industrial engineer, his right to such registration vested in him by reason of the aforementioned grandfather provision.

We do not agree. Under *Bixby, supra,* the necessary right is vested if it is possessed or acquired, as opposed to being sought. Appellant has never possessed or acquired registration as an industrial engineer. This is what he has been seeking in the proceedings before us. All that the grandfather provision (§ 6767.5)[4] gave him was the right to at-

---

[1]Appellant, a law school graduate, has appeared for himself throughout these registration proceedings. We have examined his other contentions and find them to be without merit.

[2]The board's delay in processing appellant's application and in granting him a hearing thereon did not vest in appellant any such right.

[3]Appellant was licensed as an electrical engineer in Canada (British Columbia). Notwithstanding Business and Professions Code section 6759, the board does not register without examination those persons holding certificates of registration obtained outside of California.

[4]All section references hereafter are to the Professional Engineers Act (see § 6700) contained in the Business and Professions Code.

tempt to qualify for registration as an industrial engineer on the basis of his engineering experience alone rather than by examination as well. The trial court therefore properly limited its review of the board's action to the question whether the findings of the board were supported by substantial evidence. (*Bixby* v. *Pierno, supra,* p. 146.)

■ We turn likewise to this same question. The aforementioned section 6767.5 authorized the board to register an applicant as an industrial engineer, a quite recent classification, (see § 6704) without examination if the applicant in the board's opinion possessed the qualifications necessary for such registration and filed his application on or before January 1, 1970, as appellant has done. The section also authorized the board to implement this authority by appropriate rules. Pursuant to this section the board adopted section 467 of title 16 of the California Administrative Code. This rule requires for registration as an industrial engineer, without examination, evidence of nine or more years of industrial engineering experience acceptable to the board.[5]

Pursuant to the foregoing authorization and section 6717 the board has defined industrial engineering, in part, as being "that branch of the engineering profession which requires such education and experience as is necessary to investigate, to design, and to evaluate systems of men, materials and facilities for the purpose of economic and efficient production, use, and distribution." (Cal. Admin. Code, tit. 16, § 404(o).) Unlike other engineers the industrial engineer is always concerned with the worker-material-equipment interrelationship. Industrial engineering seems to be fundamentally the application of engineering knowledge and techniques to management decisions involving systems analysis.

The board found that appellant did not have nine years of acceptable industrial engineering experience. In so finding the board evidently regarded industrial engineering experience as acceptable only if it constituted the primary engineering experience of the particular engagement. In so acting it recognized the problem of overlap in engineering experience and gave effect to the following limitation incorporated in its definition of industrial engineering. This limitation reads as follows: "The above definition of industrial engineering shall not be construed to include any portion of the practice of any other branch of engineering defined in the Professional Engineers' [*sic*] Act or in these rules." (Cal. Admin. Code, tit. 16, § 404(o).)

Since appellant received his degree in electrical engineering from the Royal or Technical University of Hungary, an institution unaccredited by

---

[5]For registration as a professional engineer, with examination, six or more years of acceptable engineering experience is required. (See § 6751, subd. (a)(2).)

the American Engineers Council for Professional Development, the acquisition of this degree was accorded only two years experience. (See §§ 6700, 6751.) None of appellant's approximately 16 years of engineering experience was found to be acceptable industrial engineering experience.

More specifically, in his first engagement for a government-owned telephone company in Hungary, his work was found to be essentially electrical design engineering. In his second engagement as the acting head of the electrical and communications equipment export department of the government-owned foreign trade monopoly in Hungary, his work was found to be primarily administrative in nature. In his third engagement with the British Columbia Telephone Company his work was again found to be primarily electrical engineering. In his current employment with the California Public Utilities Commission since September 1963 as an assistant utilities engineer in the Los Angeles office of the communications branch, where he has always specialized in telephone service engineering, his work was found to be primarily regulatory in character. The board recognized that some of his work in this last engagement involved industrial engineering, but in this engagement as in the others his work was determined to be not primarily industrial engineering.[6]

We have examined the administrative record and have found substantial evidence to support the foregoing findings.

The judgment is affirmed.

Schweitzer, J., and Allport, J., concurred.

A petition for a rehearing was denied November 10, 1971, and appellant's petition for a hearing by the Supreme Court was denied December 23, 1971.

---

[6]The attitude of the Professional Engineers Act toward communication engineers is ambivalent. Under section 6704 the provisions of the act pertaining to registration of professional engineers in various branches, including industrial engineers, do not apply to employees in the communication industry, but such employees may not use the titles of the branches unless registered in them.